UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL L. THOMAS,

    Petitioner,

v.                                                         Case No. 8:08-cv-104-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Thomas petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his convictions for, inter alia, two counts of resisting a law enforcement officer, for which Thomas received probation. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 20) Although admitting the petition's timeliness (Response at 7 Doc. 20), the respondent correctly argues that Thomas procedurally defaulted each ground in the petition.

## **PROCEDURAL HISTORY**

Thomas waived counsel and represented himself.[1] He agreed to plead nolo contendere to four charges—one count each of resisting arrest with violence, resisting arrest without violence, driving while impaired or under the influence of alcohol, and refusing to submit to a blood-alcohol level test—in exchange for three years probation and the dismissal of another count. (Respondent's Exhibit A at 154-56) Thomas appealed. An appointed public defender filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and admitted that no issue was preserved for appellate review.

---

[1] Stand-by counsel was provided. Thomas asserts no challenge involving his self-representation.

(Respondent's Exhibit B at 1 et seq.)  However, the issues Thomas raises in the federal petition were raised in his pro se brief on direct appeal.  (Respondent's Exhibit B at 24-62)

Thomas filed a Rule 3.850 motion to vacate[2] (Respondent's Exhibit C at 1 et seq.,) which was denied in part and stayed because of the pending direct appeal. (Respondent's Exhibit C at 6-7)  Immediately after the appeal concluded, Thomas filed another Rule 3.850 motion to vacate[3] (Respondent's Exhibit C at 11-22) and a Rule 3.800 motion to correct sentence.  The state's opposition (Respondent's Exhibit C at 23-24) reveals the problems caused by Thomas's failure to understand the judicial process.

> The Defendant, Derrel Thomas, was charged with a number of felonies and misdemeanors arising from a traffic stop which occurred on January 31, 2004.  His case had a tortuous road through the system, with one judge having recused himself, and Thomas being allowed to fire his court appointed attorney and represent himself.  He litigated a motion to suppress on his own behalf, and after that was denied, entered into a plea agreement with the State in which he pled to certain felony and misdemeanor counts and others were dropped.  At that time, Thomas was still representing himself, with the Public Defender acting as standby counsel.  Since that time, Thomas has filed an assortment of post conviction motions, this being the most recent.  All basically say the same thing, that the Court should have granted his motion to suppress, and that his attorney was ineffective.
>
> The State requests this Court to summarily deny Thomas' motion.  All of his substantive grounds have been previously litigated and should have been raised on a direct appeal.  His argument relative to his counsel is frivolous, as at the time in which he litigated his motions, and made a knowing and intelligent decision to enter a plea, he had no counsel and was representing himself.  The Public Defender's office was merely

---

[2] Each ground is improper in the motion to vacate because each asserts an issue that is properly raised on a direct appeal.

[3] Again, each ground is improper in a motion to vacate.

- 2 -

> standby counsel, and they were not taking an active part in his defense. At all proceedings, this Court conducted an extensive Nelson/Faretta inquiry of Thomas, and allowed him to proceed on his own. A defendant cannot represent himself and then be heard to complain about the quality of his defense.

The post-conviction court rejected Thomas's motions with the following comments (Respondent's Exhibit C at 34-35):

> THIS COURT has considered the Defendant's pro se Motion For Post Conviction Relief filed on October 24, 2006, and the Defendant's pro se motion titled "Motion 3.800 (a) Illegal Sentence" filed on November 2, 2006, and this Court, having reviewed the records of this case, the response filed by the State, and all documents pertinent to the Defendant's motions, and being otherwise fully advised in the premises, finds that:
>
> Again, the Defendant raises the issue of double jeopardy in this case. A review of the file determined that this Defendant has raised this issue on numerous occasions in the past including by way of post conviction motion, at a hearing on the merits of the motion on December 22, 2005, and on appeal.
>
> A defendant cannot raise claims that are considered successive by post conviction motions under the applicable rule of criminal procedure that either fail to allege new or different grounds for relief, or allege new or different grounds for relief that were known or should have been known at the time the first motion was filed. Baker v. State, 878 So.2d 236 (Fla. 2004). The Defendant's instant motions are clearly successive.
>
> This Defendant has filed no fewer than four pro se post conviction motions raising the issue of double jeopardy. Additionally, the most recent 3.800(a) motion raises the identical issue, that being, violation of double jeopardy. Enough is enough.
>
> Because the Defendant's post-judgment challenges are successive, this Court hereby warns the Defendant that future successive motions will be stricken as an abuse of process and he may be barred from filing any further pro se post conviction motions regarding his conviction and sentence. Freeman v. State, 683 So.2d 1156, 1156 (Fla. 5th DCA 1996); Freeman v. State, 885 So.2d 477 (Fla. 5th DCA 2005). Successive challenges constitute an abuse of the judicial system. See, e.g., Gaffney v. State, 878 So.2d 470 (Fla. 5th DCA 2004); Proctor v. State, 869 So.2d 752 (Fla. 5th DCA 2004); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th

> DCA 1995); see also Baker v. State, 878 So.2d 1236 (Fla. 2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice).
>
> Pursuant to State v. Spencer, 751 So.2d 47 (Fla. 1999), this court can restrict future pro se pleadings if it first provides a pro se litigant notice by way of a show cause order providing the defendant an opportunity to respond.  As such, any future attacks on this sentence based on a violation of double jeopardy will result in this Court issuing an order to show cause to this Defendant.

This decision was summarily affirmed just a few weeks after the notice of appeal. (Respondent's Exhibit C at 38-39)  The respondent correctly argues (1) that Thomas failed to preserve any issue for direct appeal and (2) that state procedural law precludes Thomas from asserting his direct appeal grounds in the subsequent post-conviction motions.

## EXHAUSTION AND PROCEDURAL DEFAULT

A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  Moreover, a petitioner must present the claims in the procedurally correct manner according to state procedure.  Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

Thomas's decision to plead guilty dramatically altered his rights to appellate and post-conviction review.  According to Tollett v. Henderson, 411 U.S. 258, 267 (1973), a guilty plea[4] waives all non-jurisdictional defects:

---

[4] A conviction based on a plea of nolo contendere is reviewed the same as a conviction based on a guilty plea. Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1982).

- 4 -

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).

The Anders brief on the direct appeal admitted that no issue was preserved for appellate review. In a per curiam decision without a written opinion the state appellate court affirmed Thomas's convictions and sentence. (Respondent's Exhibit B at 65) The state appellate court is presumed to have applied the state's procedural rule precluding an appeal following a guilty plea unless an issue is specifically reserved for appeal. See Bennett v. Fortner, 863 F.2d 804, 807 (11th Cir.) ("[W]hen a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default."), cert. denied, 490 U.S. 1071 (1989). See also Sweet v. Sec'y, Dep't Of Corr. 467 F.3d 1311, 1316-17 (11th Cir. 2006) ("The Supreme Court has provided clear guidance on how to construe a summary or unexplained state court decision. In Ylst v. Nunnemaker, the Court held that when a state appellate court affirms a lower court's ruling without articulating its reasons for doing so, we should apply 'the following presumption: Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest

upon the same ground.' 501 U.S. 797, 803 . . . ."), cert. denied 440 U.S. 922 (2007), and Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990) (A state appellate "court's per curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts.").

Thomas again raised his direct appeal claims in his several motions for post-conviction relief. But a Rule 3.850 motion to vacate is not the proper avenue for considering an issue that was raisable on direct appeal. Oats v. Dugger, 638 So.2d 20 (Fla. 1994).

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").

As a general proposition, a federal court is precluded from addressing the merits of a procedurally defaulted ground unless the petitioner can show "cause and prejudice" or "manifest injustice." Coleman v. Thompson, 501 U.S. 72, 29-30 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986). "Cause" must ordinarily be something external to the defense. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the petitioner must show "not merely that the errors at his trial created the

possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis original).

To meet the fundamental miscarriage of justice exception, Thomas must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause).

Thomas fails to establish either cause and prejudice or a fundamental miscarriage of justice if a default precludes a determination on the merits of his claims. Therefore, each ground is procedurally barred from federal review.

Accordingly, Thomas's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Thomas and close this case.

ORDERED in Tampa, Florida, on December 6, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE